**RECEIVED**

MAR 2 6 2024

**BY MAIL**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
### _____ DIVISION

|  |  |
|---|---|
| *(Write the full name of the plaintiff in this action.* | Case No: _____ |
| *Include prisoner registration number.)* | *(to be assigned by Clerk of District Court)* |
| *Mitchell Moore Jr. #519363* |  |
| **v.** | Plaintiff Requests Trial by Jury |
| *Donald E. Phillips, Chairman,* | ☑ Yes ☐ No |
| *Brian George, Board Analyst* |  |
| *(Missouri Parole Board)* |  |
| *Michael L. Parson, Governor* |  |
| *Steven D. Mueller, Operations Manager* |  |
| *(Write the full name of each defendant. The caption* |  |
| *must include the names of **all** of the parties.* |  |
| *Fed. R. Civ. P. 10(a). Merely listing one party and* |  |
| *writing "et al." is insufficient. Attach additional* |  |
| *sheets if necessary.)* |  |

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

### NOTICE:

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff should not send exhibits, affidavits, witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed without prepayment of fees and costs.*

## I.    The Parties to this Complaint

### A.    The Plaintiff

Name: *Mitchell Moore Jr.*

Other names you have used: *None*

Prisoner Registration Number: *519368*

Current Institution:

Indicate your prisoner status:

☐ Pretrial detainee    ☑ Convicted and sentenced state prisoner

☐ Civilly committed detainee    ☐ Convicted and sentenced federal prisoner

☐ Immigration detainee    ☐ Other (explain): _____

### B.    The Defendant(s)

To the best of your knowledge, give the information below for each defendant named in the caption of this complaint. Make sure the defendant(s) named below are the same as those listed in the caption of this complaint. Attach additional pages if necessary.

For an individual defendant, include the person's job title, and check whether you are suing the individual in his or her individual capacity, official capacity, or both.

### Defendant 1

Name: *Donald E. Phillips, Missouri Parole Board Chairman*

Job or Title: *Missouri Parole Board Chairman.*

Badge/Shield Number: *unknown*

Employer: *Michael L. Parson, Governor*

Address: *Jefferson City Mo. 65102*

___✓___ Individual Capacity        ___✓___ Official Capacity

2

**Defendant 2**

Name: *Brian George, Board Analyst*

Job or Title: *Board Analyst, Missouri Parole Board*

Badge/Shield Number: *unknown*

Employer: *Michael L. Parson, Governor*

Address: *Jefferson City, Mo. 65102*

☑ Individual Capacity     ☑ Official Capacity

*Defendant 3, attached*

## II. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1.   What happened to you?
2.   When did it happen?
3.   Where did it happen?
4.   What injuries did you suffer?
5.   What did each defendant personally do, or fail to do, to harm you?

• *Defendant 1, Donald E. Phillips, who is the Chairman of the "Missouri Probation and Parole" has full responsibilities of the policies and procedures, having full knowledge thereof, and therefore being sued in his individual and official capacity.*

• *Defendant 2, Brian George, who is the Parole Board's Analyst of the "Missouri Probation and Parole" has full knowledge of all allegations mentioned herein, and he was a board member during plaintiff's Conditional Release Extension Hearing on June 23, 2022, and who personally questioned plaintiff regarding to plaintiff's extensive mental history.*

• *Defendant 3, Michael L. Parson, who is Missouri's Governor for the State of Missouri and is responsible for the placement of each defendant mentioned herein, and who has knowledge and supports their actions.*

*Cont.*

3

• Defendant #1, who is the board operations Manager (Steven D. Mueller) being sued in his own (official capacity) acting under state law by denying plaintiff a chance for parole release, and holding plaintiff to the exact standards of behavioral conduct who doesn't suffer from an extensive legal and mental treatment history....

• Statement of Claim: On 6/28/2022 plaintiff was seen by defendant Brian George after being found guilty and referred to the Missouri Parole board for a "Conditional Release Extention" due to a rule #22 sexual conduct violation. During this video screen hearing Brian George discussed in brief with plaintiff about having an extensive legal and mental health treatment history, and asked plaintiff if he go at least 30 days without receiving any conduct violations. Plaintiff stated "yes" he could go 30 days without receiving any conduct violations reports, and when questioned by Brian George why plaintiff mostly refuses his prescribed mental health meds, plaintiff stated to Brian George, he'd been made fun of by regular general population offenders who doesn't take mental health medications, and he (plaintiff) has a difficult time adjusting to a general population environment and that he (plaintiff) has requested on numerous occasions through I.R.R.'s, grievance, and grievance-appeals to be placed by mental health personnel in a medical (mental health) setting with no results....

• This hearing on 6/28/2022 resulted in my release date being extended from 05/1/2023 to 11/1/2023, with stipulations (upon release) I take my mental health as prescribed and receive mental health programing. Meaning the parole board knows of my difficulties, and the parole board has the power to release someone to society under appropriate conditions. (See attachment #1, pg.11 report conducted on 6/28/2022 concerning plaintiffs extensive legal and mental health treatment history).

Plaintiff eventually received his maximum release date of 11/1/2023, but however he was later placed on full suicide watch which then received 2 minor conduct violations for holding his food port and shortly afterwards a minor violation when he became paranoid while in general population, and these violations were the reason Steven D. Mueller denied plaintiffs petition. (See attachments #2 and #3).

### III.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Due to my inabilities to get along with peers I am being deprived of life, liberty, and property (freedom) by these defendants. I am currently locked down in administration due to I have problems in general population and protective custody population, and here in administration segregation I have no phone privileges, regular canteen privileges, rec, regular recreation, ect. Having to deal with every day prison life.

Defendant 3

Michael L. Parson,

Governor,

Badge/shield Number: unknown

Address: Jefferson City, Mo 65102   (Individual and Official Capacity)

Defendant 4

Steven D. Mueller, Operations Manager

Operations Manager

Badge/shield Number: unknown,

Address: 3400 knipp price

Jefferson City Mo 65109 (official Capacity)

Phone 573-751-8488

fax 573-751-8501



Case: 1:24-cv-00064-SPM   Document 1   Filed: 03/26/24   Page: 6 of 21 PageID #: 6

AKPIVA                    Missouri Department of Corrections          Page -    11
Time -   9:43:50           Board of Probation and Parole              Date -  6/28/12
                                  INVESTIGATION

------------------------------------------------------------------------------------

17 prior unrelated misdemeanor findings of guilt, eight prior unrelated felony
findings of guilt, seven prior incarcerations, less than five years without a
finding of guilt/incarceration, revocations of probation and parole, substance
abuse history, education and employment.

Moore denies utilizing any substance other than alcohol.  Moore states he has
been an alcohol drinker since about 11 years old and drinks two to three tall
cans of beer a day plus hard liquor.  He does admit he is an alcoholic and
could probably benefit from treatment.  He states he feels his triggers are
depression.  Moore states he has blacked out and suffered withdrawal symptoms
from alcohol, however he has never overdosed where he was required to seek
medical aid.  Moore admits he was under the influence of alcohol during most
of the times he violated the Orders of Protection.

Moore's Missouri Alcohol and Chemical Abuse Score is three which indicates a
mild dependance/severe substance abuse and he could benefit from intensive
outpatient treatment within the community.

Moore stated he attended school in Kansas City, Missouri and completed
only the 7th grade. When asked why he did not pursue his education, he stated
that he turned 16 while in the Department of Corrections and never had the
opportunity to receive his education.

Moore has a poor employment history due to the fact he has been incarcerated
most of his life.  When free for brief periods of time, he goes to work for
temporary services and states he does not have any specific skill or trade.

Other Assessment Factors:

The Court ordered Moore to have a pre-sentence mental health evaluation which
was performed by the Northwest Psychiatric Rehabilitation Center in St.
Joseph, Missouri.  The report goes into a complete history of Moore's
psychological evaluations and treatments both while incarcerated and free.
The evaluators noticed he had an extensive legal and mental health treatment
history for the previous twenty three years.  He initially had contacts with
Western Missouri Mental Health Center at the age of 11 and at that time they
indicated he was an 11 year old boy who had problems with impulse control and
the inability to get along with his peers or his parents.  It was likewise
noted he had academic difficulties.  The evaluator indicated that a review of
the Cimor System of the Department of Mental Health list 28 separate periods
of care in various mental health treatment agencies beginning on 11/1/94.
Some of these entries were for single day contacts and others were for periods
of inpatient psychiatric treatment as well as periods of outpatient clinic
treatment.

A number of diagnoses have been entertained for Moore and most of them stated
he was not displaying signs of psychosis but rather had an Aggressive
Behavioral disorder.  He has been diagnosed with an Impulse Control disorder
with a possible psychotic disorder.  He apparently has impaired insight and
judgement.  His Axis II diagnosis is "Antisocial Personality disorder with
unresolved rage." In the majority of these evaluations, Moore was determined
not to have any psychosis but the diagnosis leaned towards Personality
Disorder as he did not have any evidence of delusional ideations or
hallucinations.  It was determined by the evaluator Moore was fit to stand
trial with an Axis I diagnosis of intermediate explosive disorder with his sub
diagnosis of alcohol dependence and an Axis II diagnosis of antisocial
personality disorder.

Name:  MOORE, MITCHELL                                      DOC ID:   519368

*Attachment 2*



**Missouri Parole Board**
3400 Knipp Drive
Jefferson City, MO 65109
Phone 573-751-8488
Fax 573-751-8501

**Donald E. Phillips, Chairman**
Martin Rucker, Member
Paul Fitzwater, Member
Brian Munzlinger, Member
Jamilah Nasheed, Member
Bryan Atkins, Member

01-29-24

Mitchell Moore
DOC# 519368
SECC

Dear Mr. Moore,

In response to your recent letter, as previously noted in the response given to your letter we received on 06-23-22, your request to reestablish of your conditional release date must follow at least one year free of any conduct violations. This is not limited to major conduct violations. If you have additional questions, please contact your institutional parole officer.

Respectfully,

Steven D. Mueller
Board Operations Manager
Missouri Parole Board

Attachment #3

Petition for Release/Reconsideration Hearing

Steve Mueller, Board Operations Manager,

I believe that I am entitled to be released from prison for the following reasons:

• One, I have not received any major c.d.c's (1-9), including rule #12 (threats) and #25 (fights), in a year period.

• Two, I have been taking my prescribed mental health medications as directed.

• Three, I've written a book about myself with hopes of publishing it upon release, and my plans of giving back to society are to become a writer and a inspirational speaker.

• Four, I will obey by local, state, and federal laws.

Conclusion

Please grant to me the earliest possible release date.

s/ Mitchell Moore, Jr. #517368
Mitchell Moore, Jr.
Southeast Correctional Center

copy: I. P.O. Whaley, S.E.C.C.
original: Steve Mueller, Board Operations Manager
file: Mitchell Moore, Jr., offender #517368
date: January 1, 2024

## IV. Relief

State briefly and precisely what you want the Court to do for you. Do not make legal arguments. Do not cite any cases or statutes. If you are requesting money damages, include the amounts of any actual damages and/or punitive damages you are claiming. Explain why you believe you are entitled to recover those damages. *I am requesting a reasonable amount in actual and punitive damages. Due to my year good conduct (behavior) I am requesting this court grant a temporary injuction ordering the Missouri Probation and Parole to release plaintiff under whatever conditions deemed proper pending the outcome of this claim. • I am requesting at least one-hundred thousands in actual/punitive damages.*

## V. Exhaustion of Administrative Remedies/Administrative Procedures

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes          ☐ No

If yes, name the jail, prison or other correctional facility where you were confined at the time of the events giving rise to your claim(s):

*Southeast Correctional Center (SECC) At the moment I am pending transfer to a lower-level prison and I could be transfered before I receive a 6-months copy of my account certified copy*

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes          ☐ No          ☐ Do not know

C. If yes, does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes          ☑ No          ☐ Do not know

5

If yes, which claim(s)? *None*

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes          ☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes          ☑ No

E.    If you did file a grievance: *N/A*

1.    Where did you file the grievance? *N/A*

2.    What did you claim in your grievance? (*Attach a copy of your grievance, if available*) *Parole Board decisions are non-appealable.*

3.    What was the result, if any? (*Attach a copy of any written response to your grievance, if available*)
       *Parole Board decisions are non-appealable.*

4.      What steps, if any, did you take to appeal that decision?  Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*)

*N/A*

F.      If you did not file a grievance: *N/A*

1.      If there are any reasons why you did not file a grievance, state them here:

*Parole Board decisions are non-appeallable. Grievance cannot be used against Parole Board.*

2.      If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

*Sent letter dated February 20, 2024 to Donald E. Phillips Chairman. (See attached hereto). No response. Sent same copy to Constituent Services. No response.*

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. *None at this time.*

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*) *Attached, related documents.*

7

Send copy to Constituent Services, if by mail
2727 Plaza Drive
P.O. Box 236
Jefferson City, Mo. 65102

February, 20, 2024

Dear Donald E. Phillips, Chairman,

This letter is with hopes to resolve this issue without filing a 1983 civil complaint against the Missouri Parole Board. I received a letter dated 01-23-24 from Steven O. Mueller (Board Operations Manager) denying my petition to release/reconsideration hearing stating I must follow at least one year free of any conduct violations to reestablish my conditional release date, and I feel that I am entitled to a release date after receiving only three (3) minor cdv's since 01/1/2023.

The parole board knows I suffer from an extensive legal and mental health treatment history, and denying my conditional extended release hearing on 06/23/2023 parole board and/or Brian George made me aware of my extensive legal and mental health treatment history.

• During my hearing on 6/23/2023 I explained to Brian George I mostly refuses my mental health medications while in regular general populations because so many offenders make fun of those who take such meds, and it makes me feel unsafe and paranoid around those who make fun... Also, I had explained to Brian George on 6/23/2023 I have difficulties in a regular general populations setting.

• When the parole board extended my release date from 9/1/2023 to 1/1/2025 their recommendations upon release were take mental health meds as prescribed and mental health programming, meaning the parole board has the power to release me under these circumstances/conditions.

Conclusion

I have a home-plan with a family member and I am requesting to be released as soon as possible. Thank you, sir.

by Michael W. Moore Jr. #1213719

Michael Moore Jr.   (SECC)

° W/copy.
° mail on 2/20/2024

## VI.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.    To the best of your knowledge, have you ever had a case dismissed on the basis of this "three strikes rule"?

☑ Yes         ☐ No

If yes, state which court dismissed your case and when it was dismissed.  Attach a copy of the court's order, if possible.

*(See attached Opinion, Memorandum and Order)*
*(Clay Stanton, et al, No. 1:21-CV-960-NER)*

Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes         ☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

1.    Parties to the previous lawsuit

Plaintiff *cannot remember Moore v. Feldman, or Moore v. Williams.*

Defendant(s) _____

2.    Court (*if federal court, name the district; if state court, name the state and county*)
*(see attached opinion, Memorandum and Order)*

3.    Docket or case number *1:19-CV-942-SPM and 1:20-CV-532-PLW*

4.    Name of Judge assigned to your case *see attached.*

8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MITCHELL MOORE, JR.,                    )
                                        )
             Plaintiff,                 )
                                        )
      v.                                )        No. 4:21-CV-560-HEA
                                        )
CLAY STANTON, et al.,                   )
                                        )
             Defendants.                )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Mitchell Moore, Jr. (registration no. 519368), an inmate at Southeast Correctional Center ("SCC"), for leave to commence this civil action without payment of the required filing fee. ECF No. 2. While incarcerated, plaintiff has brought at least three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

### The Complaint

On May 13, 2021, self-represented plaintiff Mitchell Moore, Jr. filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff brings his claims against Clay Stanton (Deputy Warden, Bowling Green Correctional Center) and Thomas Irwin (Mental Health Director, Missouri Eastern Correctional Center). Plaintiff names both defendants in their official and individual capacities. At the time the events in the complaint took place, plaintiff was an inmate at the Missouri Eastern Correctional Center and defendant Stanton worked at that institution.

In the complaint, plaintiff asserts that he suffers from mental illness, including "intermittent explosive disorder" and "antisocial personality disorder." Plaintiff alleges that on April 29, 2020 he "became psychotic and declared [himself] suicidal." While he was being escorted out of his cell, plaintiff states he was accused of spitting on a non-defendant correctional officer and was immediately placed on "special security orders" by defendant Stanton.

On April 30, 2020, plaintiff states he "became angry and urinated on the cell floor, and moments later covered the cell door window and surveillance video camera with his own feces." Plaintiff alleges that he subsequently met with defendant Irwin and plaintiff agreed to clean his cell, however, defendant Stanton did not permit him access to cleaning supplies. As a result, plaintiff states he was forced to eat his meals in unsanitary conditions until May 4, 2020. Plaintiff alleges defendant Irwin should have ensured him access to the proper cleaning supplies.

For relief, plaintiff seeks "$10,000.00 each day for actual, punitive and mental stress, for a total of $150,000."

### Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Plaintiff has had more than three previous cases dismissed on the basis of frivolity or failure to state a claim. As such, his instant motion to proceed *in forma pauperis* will be denied and his case will be dismissed without prejudice to refiling as a fully paid complaint.

### A. Three Strikes Rule

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited

2

if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.⁷ Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time that he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

### B. Plaintiff's Previous "Strikes"

Review of this Court's files reveal that plaintiff, a prisoner, has accumulated more than three strikes by filing at least three previous cases that were dismissed as frivolous or malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Moore v. Feldman*, No. 4:18-cv-942-SPM (E.D. Mo. Aug. 6, 2018), *Moore v. Williams, et al.*, No. 4:20-cv-537-RLW (E.D. Mo. May 15, 2020), and *Moore v. Williams*, No. 4:20-cv-1416-RLW (E.D. Mo. Feb. 3, 2021).

As a result of plaintiff's previous filings and dismissals, this Court is unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are insufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

After carefully reviewing the instant complaint, the Court finds that his allegations do not show he is in imminent danger of serious physical injury. Plaintiff states he was subjected to unsanitary conditions of confinement from April 30, 2020 to May 4, 2020 after he defecated in his own cell and was forced to reside within that cell without cleaning supplies. Nothing in the complaint alleges that plaintiff is at a continuing risk or that he is in danger of encountering similar unsanitary conditions. Notably, plaintiff is no longer incarcerated at the institution where the alleged violations occurred. Allegations of past harm are insufficient to trigger the imminent danger exception to § 1915(g). *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). In this case, plaintiff alleges only past harm.

Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to plaintiff refiling a fully paid complaint.

## C. Dismissal as Duplicative Litigation

Even if plaintiff were granted *in forma pauperis* status, his case would still be subject to dismissal. Under 28 U.S.C. § 1915(e)(2), this Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Section 1915(e)(2) also allows this Court to dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992). An action is duplicative if the parties, issues, and available relief do not significantly differ between two actions. *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

4

On November 12, 2020, prior to filing the complaint in this case, plaintiff brought an action against defendant Stanton, which is currently pending before this Court. *See Moore v. Stanton*, Case No. 4:20-CV-1624-HEA (E.D. Mo.) (hereinafter *Stanton I*). In *Stanton I*, plaintiff claims he was "forced to live in [an unsanitary] and unsafe environment from April 30, 2020 to May 4, 2020" after he urinated and defecated on his cell floors, window, and security camera. Although plaintiff did not name Mr. Irwin as a defendant in *Stanton I*, he alleged that Mr. Irwin informed him that defendant Stanton would not permit him access to cleaning supplies. Plaintiff seeks the same monetary relief here as he does in *Stanton I*. On March 24, 2021, the Court dismissed plaintiff's official capacity claim against Stanton, but issued process against him in his individual capacity as to the conditions of confinement claim. *Id.*

Because the allegations raised here have been brought in another case pending before the Court, this action is subject to dismissal as duplicative litigation. The parties, issues, and available relief do not significantly differ between the instant case and *Stanton I. See I.A. Durbin, Inc.*, 793 F.2d at 1551 (general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between two actions). While plaintiff has not included a claim against Mr. Irvin in *Stanton I*, this does not change the fact that the issues he raises here are directly related to the issues in the previously filed pending litigation and can all be addressed there. The Court therefore concludes that the instant action is subject to dismissal because it is duplicative of *Stanton I. See Aziz*, 976 F.2d 1158 (Under § 1915(e)(2), the Court may dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party).

**D. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. ECF No. 4. The motion will be denied as moot as this action is being dismissed under the three strikes rule. *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 24th day of May, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

6

5.    Approximate date of filing lawsuit _*see attached.*_____

6.    Is the case still pending?

    ☐ Yes

    ☑ No (*If no, give the approximate date of disposition*): _*see attached.*_

7.    What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

    *see attached.*

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

    ☐ Yes        ☑ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1.    Parties to the previous lawsuit

    Plaintiff _N/A_____

    Defendant(s) _N/A_____

2.    Court (*if federal court, name the district; if state court, name the state and county*)

    _N/A_

3.    Docket or case number _N/A_____

4.    Name of Judge assigned to your case _N/A_____

5.    Approximate date of filing lawsuit _N/A_____

9

6.    Is the case still pending?

☐ Yes

☑ No (*If no, give the approximate date of disposition*):_____

7.    What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)

*N/A*

## VII.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this *18th* day of *March*_____, 20 *24* .

Signature of Plaintiff    *Mitchell Moore, Jr. #519368*_____

10