**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MITCHELL MOORE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-CV-00064 SPM |
| ) | |
| DONALD E. PHILLIPS, et al., ) | |
| ) | |
| Defendants. ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Mitchell Moore, Jr. (registration no. 519368), an inmate at Western Reception Diagnostic and Correctional Center (WERDCC), for leave to commence this civil action without payment of the required filing fee. [ECF No. 3]. While incarcerated, plaintiff has brought at least three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice.

### The Complaint

On March 26, 2024, self-represented plaintiff Mitchell Moore, Jr. filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff brings his claims against Governor Michael Parson, Missouri Board of Probation and Parole (MBPP) Donald Phillips, Board Operations Manager Steven Mueller and Board Analyst Brian George. Plaintiff sues defendants in both their official and individual capacities.

Plaintiff asserts that on or about June 28, 2022, he met with MBPP analyst Brian George "after being found guilty" of a conduct violation for assault. Plaintiff claims that George asked

him at that time if he could go at least thirty (30) days without receiving a violation. When questioned, plaintiff indicated, "yes," but he also admitted that he "mostly" refused his mental health medications. Plaintiff complained that he had sought to be placed in a mental health setting but had been denied by the Institutional Chief of Mental Health Services at the Missouri Department of Corrections.

Plaintiff states that the June 28, 2022, hearing with George resulted in an extension in his conditional release date from his prior conditional release date of August 1, 2023, to November 1, 2023. Plaintiff states in his complaint that he understands that his "maximum release date" is August 1, 2026. Nevertheless, he complains that the MBPP defendants appear to be holding his mental health difficulties against him because it is his belief that he keeps accruing disciplinary sanctions as a result of his mental health issues.[1]

For example, plaintiff claims that he received two minor conduct violations for holding his food port while he was in general population. However, plaintiff states that at the time, he was feeling "paranoid" and suicidal." Plaintiff also states that he will refuse to take his mental health medications while he is housed in general population because some offenders in general population make fun of offenders who take psychiatric medications.

For relief, plaintiff seeks monetary and injunction relief. Plaintiff also seeks an injunction ordering his release from the Missouri Department of Corrections.[2]

---

[1] Plaintiff fails to make any specific allegations against the additional defendants in this lawsuit.

[2] Plaintiff attached to his complaint a motion for injunction seeking a mandatory injunction from this Court ordering the MBPP to release him despite any conduct violations accrued by him. Plaintiff was provided a letter from the MBPP on January 29, 2024, stating that his "conditional release date must follow at least one year free of any conduct violations."

**Discussion**

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Plaintiff has had more than three previous cases dismissed on the basis of frivolity or failure to state a claim. As such, his instant motion to proceed in forma pauperis will be denied and his case will be dismissed without prejudice to refiling as a fully paid complaint.

**A.  Three Strikes Rule**

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim.  Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time that he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

**B.  Plaintiff's Previous "Strikes"**

Review of this Court's files reveal that plaintiff, a prisoner, has accumulated more than three strikes by filing at least three previous cases that were dismissed as frivolous or malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Moore v. Feldman*, No.

3

4:18-cv-942-SPM (E.D. Mo. Aug. 6, 2018), *Moore v. Williams, et al.*, No. 4:20-cv-537-RLW (E.D. Mo. May 15, 2020), and *Moore v. Williams*, No. 4:20-cv-1416-RLW (E.D. Mo. Feb. 3, 2021).

As a result of plaintiff's previous filings and dismissals, this Court is unable to permit plaintiff to proceed in forma pauperis in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are insufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

After carefully reviewing the instant complaint, the Court finds his allegations do not demonstrate he is in imminent danger of serious physical injury. There is no evidence presented within the allegations of the complaint that show that plaintiff is in imminent danger of serious physical injury. Instead, plaintiff merely contests his conditional release date, arguing that the MBPP unreasonably failed to consider his mental health needs when it changed his conditional release date. These claims simply do not allege imminent danger.

Furthermore, Missouri's parole statutes do not create a liberty interest. *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995) (explaining that "[t]his court has consistently held that the current Missouri statutes, standing alone, do not create a liberty interest protected by the due process clause of the Fourteenth Amendment"). *See also Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (stating that "our court has held that the Missouri parole statutes create no liberty interest under state law in the parole board's discretionary decisions"). Thus, plaintiff's due process claim against defendants is subject to dismissal.

Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed in forma pauperis and will dismiss this action without prejudice to plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 5] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's request for injunctive relief is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 24th day of June, 2024.

                                      HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE